E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SCOTT M. LARA (Cal. Bar No. 296944)
KEVIN J. BUTLER (Cal. Bar No. 329129)
Assistant United States Attorneys
Violent and Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0427/6495
    Facsimile: (213) 894-0131
    E-mail:    scott.lara@usdoj.gov
               Kevin.butler2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-00354-FLA-1 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT KALEB WILLIAMS |
| v. | |
| KALEB WILLIAMS, | |
| Defendant. | |

     1.   This constitutes the plea agreement between KALEB WILLIAMS

("defendant") and the United States Attorney's Office for the Central

District of California (the "USAO") for both the above-captioned

case.  This agreement is limited to the USAO and cannot bind any

other federal, state, local, or foreign prosecuting, enforcement,

administrative, or regulatory authorities.

                    DEFENDANT'S OBLIGATIONS

     2.   Defendant agrees to:

          a.   At the earliest opportunity requested by the USAO and

provided by the Court, appear and plead guilty to Count One of the

1  Indictment in <u>United States v. KALEB WILLIAMS</u>, CR No. 2:23-0354-FLA,

2  which charges defendant with Conspiracy to Distribute and Possess

3  with Intent to Distribute at least 400 grams of a mixture and

4  substance containing a detectable amount of N-phenyl-N-[1(2-

5  phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), in violation of

6  21 U.S.C. § 846, 841(a)(1), (b)(1)(vi).

7          b.   Not contest facts agreed to in this agreement.

8          c.   Abide by all agreements regarding sentencing contained

9  in this agreement.

10         d.   Appear for all court appearances, surrender as ordered

11 for service of sentence, obey all conditions of any bond, and obey

12 any other ongoing court order in this matter.

13         e.   Not commit any crime; however, offenses that would be

14 excluded for sentencing purposes under United States Sentencing

15 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

16 within the scope of this agreement.

17         f.   Be truthful at all times with the United States

18 Probation and Pretrial Services Office and the Court.

19         g.   Pay the applicable special assessments at or before

20 the time of sentencing unless defendant has demonstrated a lack of

21 ability to pay such assessments.

22                     THE USAO'S OBLIGATIONS

23    3.   The USAO agrees to:

24         a.   Not contest facts agreed to in this agreement.

25         b.   Abide by all agreements regarding sentencing contained

26 in this agreement.

27         c.   At the time of sentencing, move to dismiss Count Two

28 of the indictment in <u>United States v. KALEB WILLIAMS</u>, CR No. 2:23-

0354-FLA.  Defendant agrees, however, that at the time of sentencing
the Court may consider any dismissed charges in determining the
applicable Sentencing Guidelines range, the propriety and extent of
any departure from that range, and the sentence to be imposed.

     d.    With respect to Count One, recommend that defendant be
sentenced to a term of imprisonment no higher than the low end of the
applicable Sentencing Guidelines range.  There is no agreement
regarding whether the government will recommend a concurrent or
consecutive sentence with defendant's sentence in <u>United States v.</u>
<u>KALEB WILLIAMS et al.</u>, CR No. 2:21-0065-FLA-1.

     e.    At the time of sentencing, provided that defendant
demonstrates an acceptance of responsibility for the offense up to
and including the time of sentencing, recommend a two-level reduction
in the applicable Sentencing Guidelines offense level, pursuant to
U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
additional one-level reduction if available under that section.

<u>NATURE OF THE OFFENSES</u>

    4.    Defendant understands that for defendant to be guilty of
the crime charged in Count One of the above captioned case, that is,
Conspiracy to Distribute and Possess with Intent to Distribute at
least 400 grams of a mixture and substance containing a detectable
amount of N-phenyl-N-[1(2-phenylethyl)-4-piperidinyl] propenamide
("fentanyl"), in violation of 21 U.S.C. § 846, 841(a)(1), (b)(1)(vi),
the following must be true:

     a.    Beginning on or about an unknown date, and continuing
to on or about June 1, 2021, there was an agreement between two or
more persons to distribute N-phenyl-N-[ 1-(2-phenylethyl)-4-
piperidinyl ] propenamide (fentanyl); and

3

1         b.  defendant joined in the agreement knowing of its

2  purpose and intending to help accomplish that purpose.

3      5.  Defendant understands that for defendant to be subject to

4  the statutory maximum and statutory minimum sentence set forth below,

5  the government must prove beyond a reasonable doubt that defendant

6  conspired to distributed at least 400 grams of a mixture or substance

7  containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-

8  piperidinyl]propenamide (fentanyl).  Defendant admits that

9  defendant, in fact, conspired to distribute at least 400 grams,

10  approximately 2,989 grams, of a mixture or substance containing a

11  detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]

12  propenamide (fentanyl), as described in Count One of the indictment

13  in the above captioned case.

14  <u>PENALTIES</u>

15      6.  Defendant understands that the statutory maximum sentence

16  that the Court can impose for a violation of Title 21, United States

17  Code, Sections 846, 841(a)(1), (b)(1)(A)(vi) is: life imprisonment; a

18  lifetime period of supervised release; a fine of $10,000,000 or twice

19  the gross gain or gross loss resulting from the offense, whichever is

20  greatest; and a mandatory special assessment of $100.

21      7.  Defendant understands that the statutory mandatory minimum

22  sentence that the Court must impose for a violation of Title 21,

23  United States Code, Sections 846, 841(a), (b)(1)(A)(vi) is: 10 years'

24  imprisonment, followed by a 5-year period of supervised release, and

25  a mandatory special assessment of $100.

26      8.  Defendant understands that supervised release is a period

27  of time following imprisonment during which defendant will be subject

28  to various restrictions and requirements.  Defendant understands that

if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

9.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10.   Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

11.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States

1   citizenship and admission to the United States in the future.

2   Defendant understands that while there may be arguments that

3   defendant can raise in immigration proceedings to avoid or delay

4   removal, removal is presumptively mandatory and a virtual certainty

5   in this case.  Defendant further understands that removal and

6   immigration consequences are the subject of a separate proceeding and

7   that no one, including his attorney or the Court, can predict to an

8   absolute certainty the effect of his convictions on his immigration

9   status.  Defendant nevertheless affirms that he wants to plead guilty

10  regardless of any immigration consequences that his plea may entail,

11  even if the consequence is automatic removal from the United States.

12                              FACTUAL BASIS

13       12.  Defendant admits that defendant is, in fact, guilty of the

14  offenses to which defendant is agreeing to plead guilty.  Defendant

15  and the USAO agree to the statement of facts provided below and agree

16  that this statement of facts is sufficient to support a plea of

17  guilty to the charge described in this agreement and to establish the

18  Sentencing Guidelines factors set forth in paragraph 14 below but is

19  not meant to be a complete recitation of all facts relevant to the

20  underlying criminal conduct or all facts known to either party that

21  relate to that conduct.

22       Beginning on an unknown date, and continuing to at least June 1,

23  2021, defendant was a member of a drug trafficking conspiracy where

24  he intended to distribute approximately 3 kilograms of a mixture and

25  substance containing a detectable amount N-phenyl-N-[1-(2-

26  phenylethyl)-4-piperidinyl] propanamide (fentanyl).  Defendant was

27  an organizer, leader, manager, and supervisor of the criminal

28

conspiracy which involved at least two other co-conspirators, namely
Unindicted Co-Conspirators 1 and 2 ("UCC-1" and "UCC-2").

Specifically, defendant was the organizer, leader, manager, and
supervisor of the conspiracy within the meaning of U.S.S.G.
§ 3B1.1(c). Defendant held a supervisory/managerial role over UCC-2.
Defendant hired UCC-2 to be his lookout and instructed UCC-2 on when
and where they were to travel and UCC-2's expected role in the
conspiracy. Defendant was personally involved in the possession with
intent to distribute at least 400 grams (specifically, 2,989 grams)
of a mixture or substance containing a detectable amount of fentanyl,
which he knew to be a controlled substance, in the course of the drug
trafficking conspiracy. Defendant committed the following overt acts
in furtherance of the conspiracy, among others:

Defendant, using coded language texted UCC-1 and told UCC-1 that
defendant would pay UCC-2 $5,000 for accompanying defendant on his
cross-country drug trafficking trip, but that defendant would always
remain in possession of the fentanyl.

Defendant told UCC-1 using coded language that "next time"
defendant would only pay his co-conspirator companion $2,500 during
the cross-country trip because the companion was only expected to be
a look out.

On June 1, 2021, defendant purchased cross-country train tickets
from Los Angeles, California to Pittsburg, Pennsylvania for both
himself, and UCC-2.

On June 1, 2021, defendant knowingly possessed approximately
2,989 grams of a mixture and substance containing fentanyl and $3,500
on a train in Fullerton, within the Central District of California.
Defendant was transporting this fentanyl from California to

7

1   Pennsylvania to a buyer in furtherance of the conspiracy.  UCC-2 was

2   present and acting at defendant's direction as a look out.  Defendant

3   instructed UCC-2 on her role and intended to pay UCC-2 for her

4   subordinate role in the conspiracy.

5                              SENTENCING FACTORS

6       13.  Defendant understands that in determining defendant's

7   sentence the Court is required to calculate the applicable Sentencing

8   Guidelines range and to consider that range, possible departures

9   under the Sentencing Guidelines, and the other sentencing factors set

10  forth in 18 U.S.C. § 3553(a).  Defendant understands that the

11  Sentencing Guidelines are advisory only, that defendant cannot have

12  any expectation of receiving a sentence within the calculated

13  Sentencing Guidelines range, and that after considering the

14  Sentencing Guidelines and the other § 3553(a) factors, the Court will

15  be free to exercise its discretion to impose any sentence it finds

16  appropriate between the mandatory minimum and the maximum set by

17  statute for the crimes of conviction.

18      14.  Defendant and the USAO agree to the following applicable

19  Sentencing Guidelines factors:

20  Fentanyl Distribution Conspiracy:

21      Base Offense Level:        32   U.S.S.G. § 2D1.1(c)(4)

22      Aggravated Role Enhancement: +2   U.S.S.G. § 3B1.1(c)

23      Defendant and the USAO reserve the right to argue that

24  additional specific offense characteristics, adjustments, and

25  departures under the Sentencing Guidelines are appropriate.

26  Defendant understands that he is a manager and supervisor of the

27  count he is pleading guilty to, and therefore is ineligible for

28  relief under 18 U.S.C. § 3553(f), and must be sentenced to at least

                                    8

the mandatory minimum associated with his conviction.  Accordingly, defendant agrees that he will not argue that he is eligible for relief under 18 U.S.C. § 3553(f).  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above, apart from the Aggravating Role Enhancement under U.S.S.G. § 3B1.1(c) for defendant's aggravating role for his conviction.  Defendant understands that the Court must sentence defendant to a term of at least ten years' imprisonment.

15.  Defendant understands that there is no agreement on whether the government will recommend that this sentence be served concurrently or consecutively with any other federal sentence.

16.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

18.  Defendant understands that by pleading guilty, defendant gives up the following rights:

       a.    The right to persist in a plea of not guilty.

       b.    The right to a speedy and public trial by jury.

       c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be

represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

　　　　d.　　The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

　　　　e.　　The right to confront and cross-examine witnesses against defendant.

　　　　f.　　The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

　　　　g.　　The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

　　　　h.　　Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

19.　Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, arguments that defendant is eligible for relief under 18 U.S.C. § 3553(f), and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

1

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

2     20.  Defendant agrees that, provided the Court imposes a term of
3 imprisonment within or below the range corresponding to an offense
4 level of 31 and the criminal history category calculated by the
5 Court, defendant gives up the right to appeal all of the following:
6 (a) the procedures and calculations used to determine and impose any
7 portion of the sentence; (b) the finding that defendant is ineligible
8 for relief under 18 U.S.C. § 3553(f); (c) a finding by the Court that
9 a consecutive sentence to any other term of imprisonment is
10 appropriate; (d) the term of imprisonment imposed by the Court;
11 (e) the fine imposed by the Court, provided it is within the
12 statutory maximum; (f) to the extent permitted by law, the
13 constitutionality or legality of defendant's sentence, provided it is
14 within the statutory maximum; (g) the term of probation or supervised
15 release imposed by the Court, provided it is within the statutory
16 maximum; and (h) any of the following conditions of probation or
17 supervised release imposed by the Court: the conditions set forth in
18 Second Amended General Order 20-04 of this Court; the drug testing
19 conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the
20 alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

21     21.  The USAO agrees that, provided (a) all portions of the
22 sentence are at or above the statutory minimum and at or below the
23 statutory maximum specified above and (b) the Court imposes a term of
24 imprisonment within or above the range corresponding to an offense
25 level of 31 and the criminal history category calculated by the
26 Court, the USAO gives up its right to appeal any portion of the
27 sentence.

28

## RESULT OF WITHDRAWAL OF GUILTY PLEA

22.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

23.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, or the enhancement for defendant's conduct involving over 400 grams of a mixture or substance containing a detectable amount of fentanyl imposed by the Court to which the parties stipulated in this agreement is vacated or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

24.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

12

1

BREACH OF AGREEMENT

2      25.   Defendant agrees that if defendant, at any time after the

3   signature of this agreement and execution of all required

4   certifications by defendant, defendant's counsel, and an Assistant

5   United States Attorney, knowingly violates or fails to perform any of

6   defendant's obligations under this agreement ("a breach"), the USAO

7   may declare this agreement breached.  All of defendant's obligations

8   are material, a single breach of this agreement is sufficient for the

9   USAO to declare a breach, and defendant shall not be deemed to have

10  cured a breach without the express agreement of the USAO in writing.

11  If the USAO declares this agreement breached, and the Court finds

12  such a breach to have occurred, then: (a) if defendant has previously

13  entered a guilty plea pursuant to this agreement, defendant will not

14  be able to withdraw the guilty plea, and (b) the USAO will be

15  relieved of all its obligations under this agreement.

16     26.   Following the Court's finding of a knowing breach of this

17  agreement by defendant, should the USAO choose to pursue any charge

18  that was either dismissed or not filed as a result of this agreement,

19  then:

20        a.   Defendant agrees that any applicable statute of

21  limitations is tolled between the date of defendant's signing of this

22  agreement and the filing commencing any such action.

23        b.   Defendant waives and gives up all defenses based on

24  the statute of limitations, any claim of pre-indictment delay, or any

25  speedy trial claim with respect to any such action, except to the

26  extent that such defenses existed as of the date of defendant's

27  signing this agreement.

28

13

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

27.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

28.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.  While this paragraph permits

both the USAO and defendant to submit full and complete factual
information to the United States Probation and Pretrial Services
Office and the Court, even if that factual information may be viewed
as inconsistent with the facts agreed to in this agreement, this
paragraph does not affect defendant's and the USAO's obligations not
to contest the facts agreed to in this agreement.

29.  Defendant understands that even if the Court ignores any
sentencing recommendation, finds facts or reaches conclusions
different from those agreed to, and/or imposes any sentence up to the
maximum established by statute, defendant cannot, for that reason,
withdraw defendant's guilty plea, and defendant will remain bound to
fulfill all defendant's obligations under this agreement.  Defendant
understands that no one -- not the prosecutor, defendant's attorney,
or the Court -- can make a binding prediction or promise regarding
the sentence defendant will receive, except that it will be between
the statutory mandatory minimums and the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

30.  Defendant understands that, except as set forth herein,
there are no promises, understandings, or agreements between the USAO
and defendant or defendant's attorney, and that no additional
promise, understanding, or agreement may be entered into unless in a
writing signed by all parties or on the record in court.

///

///

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

31.    The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney


_____        7/28/2024
SCOTT M. LARA                          _____
KEVIN J. BUTLER                        Date
Assistant United States Attorney


_____        7.24.24
KALEB WILLIAMS                         _____
Defendant                              Date


_____        7/24/24
ROBERT BERNSTEIN                       _____
Attorney for Defendant KALEB WILLIAMS  Date


CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or

16

representations of any kind have been made to me other than those
contained in this agreement.  No one has threatened or forced me in
any way to enter into this agreement.  I am satisfied with the
representation of my attorney in this matter, and I am pleading
guilty because I am guilty of the charge and wish to take advantage
of the promises set forth in this agreement, and not for any other
reason.

_____          7·24·24
KALEB WILLIAMS                           Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am KALEB WILLIAMS's attorney.  I have carefully and thoroughly
discussed every part of this agreement with my client.  Further, I
have fully advised my client of his rights, of possible pretrial
motions that might be filed, of possible defenses that might be
asserted either prior to or at trial, of the sentencing factors set
forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
provisions, and of the consequences of entering into this agreement.
To my knowledge: no promises, inducements, or representations of any
kind have been made to my client other than those contained in this
agreement; no one has threatened or forced my client in any way to
enter into this agreement; my client's decision to enter into this
agreement is an informed and voluntary one; and the factual basis set
forth in this agreement is sufficient to support my client's entry of
a guilty plea pursuant to this agreement.

_____          7/24/24
ROBERT BERNSTEIN                         Date
Attorney for Defendant
KALEB WILLIMAS