E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SCOTT M. LARA (Cal. Bar No. 296944)
KEVIN J. BUTLER (Cal. Bar No. 329129)
Assistant United States Attorneys
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0427/6495
     Facsimile: (213) 894-3713
     E-mail:    scott.lara@usdoj.gov
                kevin.butler2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-0354-FLA |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION REGARDING THE SENTENCING OF DEFENDANT KALEB WILLIAMS |
| v. | |
| KALEB WILLIAMS, | Sentencing Date: November 22, 2024<br>Hearing Time: 11:00 AM |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Scott M. Lara and Kevin J. Butler, hereby files its Position Regarding the Sentencing of defendant KALEB WILLIAMS.

///

///

1  This argument is based upon the attached memorandum of points
2  and authorities, the files and records in this case, and such further
3  evidence and argument as the Court may permit.

4  Dated: November 9, 2024          Respectfully submitted,

                                    E. MARTIN ESTRADA
                                    United States Attorney

                                    MACK E. JENKINS
                                    Assistant United States Attorney
                                    Chief, Criminal Division


                                      /s/ Scott M. Lara
                                    SCOTT M. LARA
                                    Assistant United States Attorney

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

This is not the first sentencing for defendant KALEB WILLIAMS ("defendant") before this Court.  In 2019 and 2020, defendant led a crew of five conspirators who robbed multiple businesses.  Defendant was indicted in case number 21-CR-0065-FLA and went to trial before this Court.  He was to 339 months, consisting of 135 months for the substantive robberies, 87 months consecutive for aiding and abetting the brandishing of a firearm, and 120 months for aiding and abetting the discharge of a firearm during crimes of violence.

In June 2021, after he committed these robberies, but before he was arrested, defendant was found on a passenger train in Fullerton with a co-conspirator and 2,989 of a white powdered fentanyl in a duffle bag.  Defendant was indicted in the instant case number 23-CR-0354-FLA.  (Presentence Report ("PSR"), Dkt. 27, ¶ 12.)

Defendant entered a plea agreement with the government, where he admitted to the drug trafficking conduct charged here.  (PSR ¶ 3.) Defendant also admitted that he was a supervisor/manager in the conspiracy, and the government agreed that it would not seek above a low-end guidelines sentence.  (PSR ¶ 27, Plea Agreement, Dkt. 24. ¶ 3(d).)  Considering the 18 U.S.C. § 3553(a) factors and the already lengthy sentence defendant is serving, the government wholeheartedly believes a low-end guidelines sentence is appropriate.  After careful consideration, the government also recommends a fully concurrent sentence.

Accordingly, the government recommends a sentence of 135 months' imprisonment to run concurrent to his undischarged prison term in

case 21-CR-0065-FLA.  The government also recommends 5 years of supervised release, and the $100 mandatory special assessment.

## II. PRESENTENCE REPORT

On October 18, 2024, the U.S. Probation Office filed a Presentence Report ("PSR") which found that defendant's drug trafficking included 2.989 kilograms of a mixture and substance containing fentanyl.  (PSR ¶ 21.)  The PSR correctly found defendant was a manager/supervisor in this conspiracy supported by the facts and agreed by the parties.  (PSR ¶¶ 4, 10, 27.)  This resulted in a total offense level of 31 and defendant is in criminal history category III.  (PSR ¶¶ 33, 41.)  This results in a guidelines range of 135 months to 168 months' imprisonment.  The government agrees with the calculations in the PSR.

## III. GOVERNMENT'S SENTENCING POSITION

The government recommends that defendant receive a 135 month concurrent sentence of imprisonment to the robbery convictions Counts 1, 2, 4, 5 and 7 in case number 21-CR-0065-FLA, which represents a low-end sentence.

### A.   The 18 U.S.C. § 3553(a) Factors

18 U.S.C. § 3553(a) states the Court shall impose a sentence "sufficient, but not greater than necessary."  The statute gives the Court factors to consider, such as the nature and circumstances and seriousness of the offense, the need to avoid unwarranted sentencing disparities, defendant's history, and the need to protect the public and deter future criminal conduct.

The government provides the following discussion to advocate for a low-end sentence.  Nothing in the instant sentencing position is intended to argue for any sentence above 135 months' imprisonment.

2

1. **Nature and Circumstances of the Offense**

In June 2021, defendant was found on a cross-country drug trafficking trip with a co-conspirator subordinate. (PSR ¶ 12.) Defendant and another co-conspirator agreed to pay the subordinate $5,000 to be a lookout. (PSR ¶ 12.) Defendant purchased same-day cross-country passenger train tickets and had with him a duffle bag which contained bricks of white powder that was determined to be 2,989 grams of a mixture and substance containing fentanyl. (PSR ¶ 13.) Defendant admitted he was transporting the fentanyl from California to Pennsylvania to distribute it to another person. (PSR ¶ 14.)

2. **Avoid Unwarranted Sentencing Disparities**

Defendant has the unique circumstance of being subject to an already lengthy prison term for different conduct, almost all of which remains ahead of him. There are no other charged co-conspirators in this case. Furthermore, a 135 month sentence is a lengthy one. The government believes a 135 month sentence would not create unwarranted sentencing disparities.

3. **Defendant's History**

In 2002, when defendant was 16 years old, defendant was arrested and ultimately convicted of robbery. (PSR ¶ 38.) Defendant was sentenced to a 13 year prison term. (PSR ¶ 38.) Defendant also has a conviction in the related case from conduct in 2019 and 2020 where defendant committed a series of robberies. (PSR ¶ 40.) This Court sentenced defendant to 339 months' imprisonment. (PSR ¶ 40.) This is defendant's first known drug trafficking conviction.

        4. <u>Protect the Public, and Deterrence</u>

When sentencing defendant, the Court should consider the risk the defendant has placed on the public and the deterrent effect of the Court's sentence. After the instant conviction, defendant will be considered a career offender under federal law with both the federal robbery federal conviction and the instant drug trafficking conviction. Thus, if defendant commits another qualifying federal crime after he gets out of custody in 2045, he will likely be sent to prison for an extremely lengthy sentence. The government believes that defendant knows this and hopes it will help deter him from committing any further crimes in his 60s when he is released from custody. It is unlikely that an additional few years in custody will serve as any further deterrent that defendant already faces. The government therefore believes a low-end guidelines sentence 135 months' is appropriate.

**B.  Government Recommends a Fully Concurrent Sentence**

The question that matters the most is whether this prison sentence should run consecutive or concurrent to defendant's undischarged prison term in case number 21-CR-0065-FLA. The bargain the parties struck in the plea agreement leaves it open for the government to argue what it feels is appropriate at sentencing.

After careful consideration of the 18 U.S.C. § 3553(a) factors, and the previously imposed 339 prison sentence, which defendant has just started, the government has decided to advocate for a concurrent sentence. This is a significant benefit, and the government does not advocate for it lightly.

In U.S.S.G. § 5G1.3 the Sentencing Commission provides guidelines for this Court to consider when imposing a sentence on a

4

defendant who has an undischarged term of imprisonment on a separate case.  For example, if defendant committed the instant crime while on escape status or serving the prior sentence, the guidelines recommend that the instant offense sentence run consecutively.  Conversely, if the sentence was relevant conduct to the prior sentence or a state term of imprisonment is anticipated the guidelines recommend a concurrent sentence.  U.S.S.G. § 5G1.3(b), (c).  Defendant falls into neither category.  Therefore defendant's case falls within the catchall U.S.S.G. § 5G1.3(d) which leaves it to the Court's judgment to "achieve a reasonable punishment for the instant offense."  The commentary to the guidelines suggests the Court consider the 18 U.S.C. § 3553(a) factors, the type and length of the prior sentence, and time left on that sentence, whether the other offense is federal, and any other circumstances appropriate.

The government considered all these factors and believes a fully concurrent sentence is fully appropriate.  Having carefully considered the facts of this case, balanced against the knowledge that defendant will not be released from prison for over 20 years even with a fully concurrent sentence, the government believes that a fully concurrent sentence is appropriate.

The government notes that defendant has a lengthy term of supervised release as well.  If defendant gets out of prison in 2045 and returns to his pattern of criminal activity, he will surely be violated and returned to prison.  If defendant commits another crime of violence or drug trafficking offense, he would be sentenced as a career criminal in federal court, which would likely result in an extremely stiff sentence.  The government believes defendant's next twenty years in custody, along with the threat of a possibly greater

5

punishment if defendant recidivates, is enough to give defendant a reasonable opportunity to reintegrate into society.

Accordingly, the government believes a concurrent sentence is sufficient, but no greater than necessary, to achieve the goals of sentencing.

**IV.  RECOMMENDED SENTENCE**

The government recommends this Court sentence defendant to 135 months' imprisonment to run currently with the undischarged sentence in 21-cr-0065 that can run concurrently.  In other words, the government recommends that defendant receive a 135 concurrent sentence of imprisonment to the robbery convictions Counts 1, 2, 4, 5 and 7 in case number 21-CR-0065-FLA.[1]

The government also recommends 5 years of supervised release on the terms recommended by the probation department, and the mandatory special assessment of $100.

---

[1] As a technical matter, no sentence can run concurrent to the Count 3 and 6 firearms charges in the robbery case because by statute they are required to run consecutive to all other sentences. However, this is a distinction without a difference because his sentence is identical in both the portions that can run concurrent.

6